UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES EDWARD SCHMIDT,

        Plaintiff,                      Case No. 1:11-cv-1162

v.                                          Honorable Janet T. Neff

MARETTA MARKIN HAMPTON et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff presently is incarcerated at the Carson City Correctional Facility. In his *pro se* complaint, Plaintiff sues Maretta Markin Hampton, Joshua Markin and Acacia Markin.

In this action, Plaintiff alleges (verbatim):

> All three defendants (jointly & severally) sold to 500 acres of timberland in Sands Township and Westbranch Township of Marquette County without having any legal interest. They owe the Internal Revenue Service and the State of Michigan Treasury Capital Gains Taxes on over Two Million dollars.
>
> James Edward Schmidt has properly filed/ "First right of claim and rewards, of which under federal statue [sic] he is intitled to 10% of unpaid taxes."
>
> Through discovery the defendants have orchestrated this same I.R.S. fraud of lands and bank accounts in Arkansas, Fenton Michigan, Ontario Canada Etc. . with a additional value of over 2 1/4 million dollars of which James E. Schmidt has also filed a 10% reward on the first right of claim with the I.R.S..
>
> Plaintiffs reserve the right to include and amend this federal action under the operation of federal law.
>
> Also violations of my federal and Michigan State A.D.A. statues [sic] by all three defendants.

(Compl., docket #1, Page ID#3.)

**Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff contends that he is owed reward monies because he reported Defendants to the Internal Revenue Service (IRS) for failure to pay capital gains tax on certain property transactions. The Court cannot discern any possible claim against Defendants for the IRS's reward monies. Plaintiff does not have any authority to enforce the Internal Revenue Code against Defendants; thus, he cannot force Defendants to pay any unpaid taxes and he cannot collect the IRS reward monies from Defendants. Accordingly, Plaintiff fails to state a claim against Defendants for the IRS reward monies. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the

named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"; *see also* FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Plaintiff also brings a claim against Defendants under the Americans with Disabilities Act (ADA). Plaintiff, however, does not assert how Defendants violated his rights under the ADA. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555. Plaintiff therefore fails to state an ADA claim against Defendants.

II.   Motion

On November 10, 2011, Plaintiff filed a motion (docket #5) to have his case heard (a) by the district court in the Northern Division of the Western District of Michigan because the property in question is located in Marquette County, (b) by a federal grand jury, and (c) by a jury before a district court judge.

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). Plaintiff claims that the events giving rise to his action occurred in Sands Township and Westbranch Township, which are located in Marquette County. Marquette County is within the geographical boundaries of the Western District of Michigan.

28 U.S.C. § 102(a).  In this circumstance, venue is proper in the Western District of Michigan. Plaintiff, however, is not entitled to have his action heard in the Northern Division versus the Southern Division of the Western District of Michigan.  Accordingly, Plaintiff's request to have the venue changed to the Northern Division of the Western District of Michigan will be denied. Moreover, because this Court is dismissing Plaintiff's complaint for failure to state a claim, his requests for a grand jury and a jury trial will be denied as moot.

In summary, the Court will deny Plaintiff's motion.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment and Order consistent with this Opinion will be entered.

Dated:  December 13, 2011            /s/ Janet T. Neff
                                                     Janet T. Neff
                                                     United States District Judge